THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS ROBINSON o/b/o :
D.R. Jr. :
 :
 :
      Plaintiff, :
 :
v. : 3:13-CV-332
 : (JUDGE MARIANI)
CAROLYN W. COLVIN :
 :
      Defendant. :

FILED
SCRANTON
AUG 27 2014
PER _____
DEPUTY CLERK

### ORDER

AND NOW, THIS 27th DAY OF AUGUST 2014, upon *de novo* review of Magistrate Judge Cohn's Report & Recommendation ("R&R") (Doc. 21), Plaintiff's Objections thereto (Doc. 22), Defendant's Response (Doc. 23), and all other supporting and opposing briefs and documentation, **IT IS HEREBY ORDERED THAT**:

1. The Report & Recommendation (Doc. 21) is **ADOPTED**, for the reasons discussed therein and explained below.

2. Plaintiff's Objections (Doc. 22) are **OVERRULED**. The Magistrate Judge did not commit reversible error in recommending that the Plaintiff's Appeal be denied because the Administrative Law Judge's Opinion does apply Policy Interpretation Ruling SSR 06-03p to the opinion evidence offered in this case (Doc. 11-2, p. 19). There, the ALJ acknowledges that she "has considered all of the relevant evidence" in the Record, specifically including "from medical sources; information from other sources, such as school teachers, family members, or friends; a

claimant's statements (including statements from the claimant's parent(s) or other caregivers); and any other relevant evidence in the case record, including how the claimant functions over time and in all settings (i.e., at home, at school, and in the community)." *Id.* at 19.

The ALJ, in discussing this evidence, wrote: "[T]he undersigned has considered the opinion evidence in accordance with 20 CFR 416.927 and SSRs 96-2p, 96-5p. 96-6p and 06-3p." *Id.*

The ALJ considered but assigned no weight to a Child Functioning Questionnaire signed by claimant's teacher, Heather McCarthy, who found marked limitations in all domains other than Moving and Manipulating Objects and Caring for Health and Well Being. As the ALJ was required to do, she explained her decision to accord no weight to McCarthy's submission and made clear that her decision to do so did not turn on McCarthy's status as an "other source." The ALJ thus wrote:

> A Child Functioning Questionnaire signed by a Heather McCarthy in May 2011 (Exhibit 5F) checks off items under the heading "often (marked)", in all domains other than Moving and Manipulating Objects and Caring for Health and Well Being. The undersigned gives no weight to this assessment, as it is not consistent with the evidence of record, and provides minimal explanation or support for the check mark. Further, the minimal description of marked which Ms. McCarthy relies upon does not coincide with the definition of "marked limitation" provided by Social Security Regulation 20 CFR. 416.926a(e)(2).

*Id.* at p. 22-23.

The ALJ's analysis presents a proper utilization of an "other source" under SSR 06-03p:

> Information from these "other sources" cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose. However, information from such "other sources" may be based upon special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function.

The Magistrate Judge, therefore, correctly determined that the ALJ "adequately considered the relevant medical and school evidence from D.R.'s teachers and provided legitimate reasons why he [she] declined to adopt Ms. McCarthy's opinion." (Doc. 21, at p. 14).

3. The Commissioner's decision is **AFFIRMED**.

4. The Clerk of Court is directed to **CLOSE** this case.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge